COMMONWEALTH vs. DONALD B. JOHNSON.

Suffolk.   December 2, 1986. — January 8, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Homicide. Practice, Criminal,* Instructions to jury, Appeal. *Felony-Murder Rule.*

This court rejected a defendant's contention that the judge at a murder trial, in instructing the jury as to felony-murder based on the underlying felony of armed robbery, should have instructed them that they could convict the defendant of felony-murder in either the first or the second degree. [15-16]

INDICTMENT found and returned in the Superior Court on October 20, 1976.

After review by this court, 379 Mass. 177 (1979), a motion for a new trial was considered in the Superior Court Department by *Roger J. Donahue, J.*

*Esther J. Horwich* for the defendant.

*Jane A. Donohue,* Assistant District Attorney (*Rosemary Mellor,* Legal Assistant to the District Attorney, with her) for the Commonwealth.

ABRAMS, J. The defendant's conviction of murder in the first degree was affirmed by this court.[1] See *Commonwealth v. Johnson,* 379 Mass. 177 (1979). After our decision in *Commonwealth v. Brown,* 392 Mass. 632 (1984), the defendant sought a new trial on the conviction of murder in the first degree on the ground that, as in the *Brown* case, the judge's instructions were flawed on the issue of the degree of murder. The motion judge denied the motion for a new trial without a hearing. A single justice granted the defendant leave to appeal.

---

[1] The court also affirmed the defendant's conviction of armed robbery. The present appeal concerns only the conviction of murder in the first degree.

See G. L. c. 278, § 33E (1984 ed.).[2] We affirm the order denying the motion for a new trial.

In *Commonwealth* v. *Dickerson,* 372 Mass. 783, 795 (1977), we stated that the language of G. L. c. 265, § 1, providing that "[t]he degree of murder shall be found by the jury," requires that the judge give an instruction on murder in the second degree "even though it could be argued that the evidence would support only one of two verdicts: either not guilty or guilty of murder in the first degree." Our opinion in *Dickerson* clearly foreshadowed *Commonwealth* v. *Brown,* 392 Mass. 632, 645 (1984), a case in which we again interpreted the language of G. L. c. 265, § 1, as requiring a "trial judge to instruct on murder in the first and second degrees if there is evidence of murder in the first degree, even though there appears to be no hypothesis in the evidence to support a verdict of murder in the second degree." *Commonwealth* v. *Brown, supra* at 645. Our decision in the *Brown* case "did not announce any new legal principles but merely clarified the meaning" of the statutory language, and therefore the *Brown* case governs the judge's charge at the defendant's trial. See *Commonwealth* v. *Marley,* 396 Mass. 433, 437 (1985). The defendant failed to raise this issue on his appeal. See *Commonwealth* v. *Johnson,* 379 Mass. 177 (1979). Thus, this issue was not timely raised. See *Commonwealth* v. *Pisa,* 384 Mass. 362, 365-366 (1981); *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973); *Commonwealth* v. *Stout,* 356 Mass. 237, 243 (1969); *Murch* v. *Mottram,* 409 U.S. 41, 45 (1972).

Although the defendant did not raise the issue in a timely fashion, we nonetheless comment briefly on some of the defendant's arguments because there may be some confusion as to instructions in a felony-murder case. The defendant complains that the jurors were never instructed that they could convict the defendant of armed robbery and murder in the

---

[2] The statute provides in relevant part: "If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

second degree. There was no error on that ground. An instruction that "even if they found that the killing had been committed during the commission of a felony punishable by life imprisonment, they might return a verdict of either murder in the first degree or murder in the second degree" is erroneous. *Commonwealth* v. *Stewart,* 375 Mass. 380, 390 (1978). "A homicide which the jury determined to be an armed robbery-murder is not properly reduced . . . to murder in the second degree." *Commonwealth* v. *Dickerson,* 372 Mass. 783, 796 (1977).

Further, the Commonwealth is entitled to an instruction that the jurors "have a duty, if they conclude that the defendant is guilty, to return a verdict of guilty of the highest crime which has been proved beyond a reasonable doubt against the defendant" and "to consider the evidence in light of the principles of law given to them by the judge." *Commonwealth* v. *Dickerson, supra* at 797.[3] Moreover, a defendant is not entitled to an instruction that informs the jurors "that they [are] 'empowered' to return a lesser verdict than that which the Commonwealth's evidence proves." *Commonwealth* v. *Fernette,* 398 Mass. 658, 670 (1986). The statute requires that the jurors be told that the degree of murder is for them to determine in light of the instructions.

The order denying the motion for a new trial is affirmed. The defendant's request that, pursuant to G. L. c. 278, § 33E, we reduce his conviction from murder in the first degree to murder in the second degree is denied.

*So ordered.*

---

[3] We said in *Dickerson, supra* at 797, that, "[w]here a jury reach a determination that the statutory 'circumstance' (in this case armed robbery-murder) has been met, they should return a verdict of murder in the first degree."