993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Donald B. JOHNSON, Petitioner, Appellant,
v.
George GRIGAS, Respondent, Appellee.
 No. 92-2414.
 United States Court of Appeals,
First Circuit.
 May 17, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Harold Robertson with whom Harmon & Robertson was on brief for appellant.
 Elisabeth J. Medvedow, Assistant Attorney General with whom Scott Harshbarger, Attorney General was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Friedman,* Senior Circuit Judge, and Stahl, Circuit Judge.
 STAHL, Circuit Judge.
 
 
 1
 Petitioner Donald B. Johnson appeals an order of the United States District Court for the District of Massachusetts denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We hold that the district court did not err in concluding that federal habeas review was foreclosed due to petitioner's procedural default, and thus affirm.
 
 I.
 Background
 
 2
 On December 21, 1976, Johnson was convicted in Suffolk Superior Court of first degree murder and armed robbery. His conviction was affirmed by the Massachusetts Supreme Judicial Court ("SJC") in 1979. Commonwealth v. Johnson, 396 N.E.2d 974 (Mass. 1979). Johnson subsequently filed three motions for a new trial, all of which were denied by the Superior Court.
 
 
 3
 First, in February 1983, Johnson claimed that he had received ineffective assistance of counsel because his lawyer had failed to seek an instruction that a voluntary manslaughter verdict is warranted when excessive force is used in self-defense. Johnson did not seek leave to appeal the denial of this first motion for a new trial.[1] Second, in April 1984, he requested a new trial on the grounds that he had received ineffective assistance from trial counsel and that the trial judge had erred by not giving a voluntary manslaughter instruction. Again, Johnson did not seek leave to appeal the denial of his motion. Third, in February 1985, petitioner filed yet another motion for a new trial, alleging that the trial court had failed properly to instruct the jury on second degree murder. Petitioner sought, and was granted, leave to appeal the denial of the 1985 motion in accordance with the provisions of Mass. Gen. Laws ch. 278 § 33E. On appeal, the SJC affirmed the ruling of the Superior Court. Commonwealth v. Johnson, 502 N.E.2d 506 (Mass. 1987).
 
 
 4
 In 1991, petitioner filed a motion for leave to appeal the 1983 denial of his first motion for a new trial. In the 1991 motion, Johnson again raised the issue of ineffective assistance of trial counsel and added a claim of ineffective assistance of appellate counsel, along with challenges to the trial court's instructions on self-defense, consciousness of guilt, and reasonable doubt. A single justice of the SJC declined to grant leave to appeal because
 
 
 5
 [t]he issues raised are not "new." Challenges to the instructions were raised on direct appeal and on the second appeal. Failure to include the ineffective assistance of counsel issue in the 1985 motion for new trial, although it was known, is fatal to the assertion that this claim is "new." The defendant let the 1983 claim lay dormant for approximately eight years while litigating other issues. That strategy is inconsistent with the policy of the statute requiring litigants to raise all issues at the earliest possible time.
 
 
 6
 Commonwealth v. Johnson, No. 87-462, slip op. at 1 (Mass. October 16, 1991 (Abrams, J.)).
 
 
 7
 Johnson's petition for a writ of habeas corpus filed in the United States District Court raised eight grounds for habeas relief:
 
 
 8
 p 12A. The trial court failed to instruct the jury that a voluntary manslaughter verdict is warranted where excessive force is used in self-defense;
 
 
 9
 p 12B. The trial court improperly instructed the jury that an appellate court's function is to correct any errors made by the trial judge;
 
 
 10
 p 12C. The trial court failed to instruct the jury on larceny as a lesser-included offense to armed robbery;
 
 
 11
 p 12D. The trial court failed to instruct the jury that it could consider a verdict of felony-murder in the second degree;
 
 
 12
 p 12E. Ineffective assistance of counsel;
 
 
 13
 p 12F. The trial court improperly shifted the burden of proof onto the defendant regarding self-defense;
 
 
 14
 p 12G. The trial court improperly instructed the jury on consciousness of guilt; and
 
 
 15
 p 12H. The trial judge improperly instructed on reasonable doubt.
 
 
 16
 Respondent moved to dismiss the petition on the grounds that the claims were procedurally defaulted, and petitioner had failed to exhaust state remedies. On October 26, 1992, the District Court held that the petitioner was in procedural default with respect to all eight claims. The court declined to rule on exhaustion, stating that "[b]ecause petitioner's claims have been procedurally defaulted, and are therefore not reviewable by this Court, respondent's arguments regarding exhaustion of state remedies need not be addressed." Johnson v. Grigas, Civ. No. 91-13275-Z, slip op. at 5 (D. Mass. October 26, 1992). Petitioner appeals the decision of the district court.
 
 II.
 Discussion
 
 17
 Federal habeas review is precluded when state courts reach their decisions on the basis of an adequate and independent state ground. Coleman v. Thompson, 111 S. Ct. 2546, 2553-4 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989); Wainwright v. Sykes, 433 U.S. 72, 81 (1977). A state court decision resting on petitioner's failure to comply with a contemporaneous objection rule at the time of trial constitutes an adequate and independent ground. Wainwright, 433 U.S. at 87. This court has held that
 
 
 18
 Wainwright teaches that a defendant's failure to object to an alleged error of the court at trial prevents judicial review on a petition for a writ of habeas corpus if "1) the state in fact has a 'contemporaneous objection' rule; 2) the state enforces and does not waive the rule; and 3) the defendant fails to show both 'cause' for and 'prejudice' from, not having complied with the rule." McCown v. Callahan, 726 F.2d 1, 3 (1st Cir.), cert. denied, 469 U.S. 839 ... (1984). See also Puleio v. Vose, 830 F.2d 1197, 1199 (1st Cir. 1987), cert. denied, 485 U.S. 990 ... (1988).
 
 
 19
 Allen v. Commonwealth of Massachusetts, 926 F.2d 74, 78 (1st Cir. 1991). Massachusetts has such a contemporaneous objection rule.[2] If the defendant fails to make such a timely objection, the claimed error will be considered only under the "substantial miscarriage of justice" standard. Commonwealth v. Campbell, 474 N.E.2d 1062, 1069 (Mass. 1985). Johnson has made no effort to show cause for, and prejudice from, his not having complied with the rule. Therefore, our inquiry focuses on whether "the state enforce[d] and d[id] not waive the rule."
 
 
 20
 Petitioner unsuccessfully raised the first three of his habeas claims (pp 12A-C) in his direct appeal to the Massachusetts Supreme Judicial Court. That court noted that its
 
 
 21
 consideration of this case, in which no issue as to the judge's instructions was raised at the trial, involved a review of the entire record as considered in light of the verdicts returned by the jury to determine whether a miscarriage of justice has occurred. By that standard as applied under G.L. c, 278, § 33E, we find no reason to disturb the verdicts.
 
 
 22
 Commonwealth v. Johnson, 396 N.E.2d 974, 977 (Mass. 1979) (emphasis added). Petitioner alleges because the court considered the "merits" of his claims, the state waived the application of the contemporaneous objection rule. The district court disagreed, as do we.
 
 
 23
 In considering petitioner's appeal, the SJC made it clear that Johnson had committed procedural default by failing to object to the allegedly faulty jury instructions prior to the jury retiring to deliberate, and that it was considering the merits of Johnson's claims only to prevent a miscarriage of justice. Johnson, 396 N.E.2d at 975, 977. This court has held that
 
 
 24
 [t]he mere fact that a state appellate court engages in a discretionary, and necessarily cursory, review under a "miscarriage of justice" analysis does not in itself indicate that the court has determined to waive an independent state procedural ground for affirming the conviction. See Puleio v. Vose, 830 F.2d 1197, 1200 (1st Cir. 1987); McCown v. Callahan, 726 F.2d 1, 3 (1st Cir. 1984). We will not infer waiver of a contemporaneous objection rule unless the state appellate court has made it "reasonably clear that its reasons for affirming a conviction rest upon its view of federal law." See Doucette v. Vose, 842 F.2d 538, 540 (1st Cir. 1988).
 
 
 25
 Tart v. Commonwealth of Massachusetts, 949 F.2d 490, 496 (1st Cir. 1991). See Coleman, 111 S. Ct. at 2565 (holding that unless it "fairly appears" that the decision of the state's highest court rested primarily on federal law, comity considerations require that federal courts refrain from addressing the claim absent a showing of cause and actual prejudice). In this case, the SJC did not discuss, let alone rely upon, federal law. The court took note of the fact that Johnson had committed procedural default and went on to engage in a "miscarriage of justice" analysis. In these circumstances, federal habeas review is precluded.
 
 
 26
 Petitioner's fourth claim (p 12D) was considered by the SJC in its opinion affirming the denial of Johnson's third motion for a new trial. The SJC stated that "[t]he defendant failed to raise this issue on his appeal", Commonwealth v. Johnson, 502 N.E.2d at 507, but went on to discuss the issue in an effort to resolve "some confusion as to instructions in a felony-murder case." Id. In so doing, the SJC did not waive the procedural bar. The court relied solely on state law, did not cite any federal cases in its decision, and did not mention any federal statutory or constitutional rights or principles. Because petitioner committed a procedural default, and because the SJC did not waive the bar, federal habeas review is unavailable. See Coleman, 111 S. Ct. at 2554; McCown v. Callahan, 726 F.2d 1, 3 (1st Cir.), cert. denied, 469 U.S. 839 (1984).
 
 
 27
 Petitioner raised his remaining claims (pp 12E-H) in his 1991 motion for leave to appeal the denial of his 1983 motion for a new trial. He now claims that, in denying his motion on the grounds that the claims were not "new" and should have been raised earlier, the single justice of the SJC did not invoke procedural default. We disagree.
 
 
 28
 In Massachusetts, a motion for a new trial may not be used to force the courts to review issues that could have been, but were not, raised on appeal. Commonwealth v. Pisa, 425 N.E.2d 290, 293 (Mass. 1981); Commonwealth v. McLaughlin, 303 N.E.2d 338, 350 (Mass. 1973). Even when it is appropriate to raise other issues in a motion for a new trial, a defendant is required to raise all such claims in his original or amended motion for a new trial. Mass. R. Crim. P. 30(c)(2); Commonwealth v. Deeran, 490 N.E.2d 412, 415 (Mass. 1986). Petitioner failed to follow both rules in this case. The single justice of the SJC did not reach the merits of petitioner's claims; rather, she denied petitioner's motion because he failed to follow state procedural rules. Thus, the justice established an adequate and independent state ground for her decision and federal habeas review is barred.
 
 
 29
 As the Supreme court recently explained,
 
 
 30
 [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 31
 Coleman, 111 S. Ct. at 2565. Petitioner does not argue cause and actual prejudice on appeal. Instead, he argues that, even were we to find that he had committed procedural default-as we have, in fact, found-we should examine the merits of his claims to determine whether a miscarriage of justice would result from failure to consider his claims. We disagree.
 
 
 32
 Petitioner failed to pursue the "miscarriage of justice" argument in the district court below. He raises the issue for the first time on appeal. As this court has pointed out in the past, "[u]nder well settled principles, we need not-indeed, should not-consider matters which were not raised below." Puleio v. Vose, 830 F.2d 1197, 1202 (1st Cir. 1987), cert. denied, 485 U.S. 990 (1988) (citing United States v. Figueroa, 818 F.2d 1020, 1025 (1st Cir. 1987)). We decline to do so in this case.
 
 
 33
 Petitioner is in procedural default with respect to all eight of his claims. The judgment of the district court is therefore affirmed.
 
 
 
 *Of the Federal Circuit, sitting by designation.
 
 
 [1]
 The "gatekeeper" provision of Mass. Gen. Laws ch. 278 § 33E requires defendants convicted of first degree murder to obtain leave from a single justice of the Supreme Judicial Court. The single justice screens out post-conviction motions which do not present "a new and substantial question." "If the single justice determines that the question ought to be reviewed by the full court, the court's review is limited to a decision of whether a 'substantial likelihood of a miscarriage of justice has occurred.' " McLaughlin v. Gabriel, 726 F.2d 7, 9 (1st Cir. 1984) (quoting Commonwealth v. Pisa, 425 N.E.2d 290, 291 (Mass. 1981))
 
 
 [2]
 Under the Massachusetts Rules of Criminal Procedure, "[n]o party may assign as error the giving or failure to give [a jury] instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection." Mass. R. Crim. P. 24(b)