May 17, 1993

[NOT FOR PUBLICATION]

United States Court of Appeals

For the First Circuit

____________________

No. 92-2414

DONALD B. JOHNSON,

Petitioner, Appellant,

v.

GEORGE GRIGAS,

Respondent, Appellee.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, 
U.S. District Judge
]

____________________

Before

 Breyer, 
Chief Judge
,

Friedman,* 
Senior Circuit Judge
,

and Stahl, 
Circuit Judge
.

____________________

Harold Robertson
 with whom 
 was on brief for appellant.

Elisabeth J. Medvedow
, Assistant Attorney General with whom 
Scott Harshbarger
, Attorney General was on brief for appellee.

____________________

____________________

_____________________

*Of the Federal Circuit, sitting by designation.

STAHL, 
Circuit Judge
I.

Background

On December 21, 1976, Johnson was convicted in Suffolk Superior Court of first degree murder and armed robbery. His conviction was affirmed by the Massachusetts Supreme Judicial Court ("SJC") in 1979. 
Commonwealth
 v. 
Johnson
, 396 N.E.2d 974 (Mass. 1979). Johnson subsequently filed three motions for a new trial, all of which were denied by the Superior Court.

First, in February 1983, Johnson claimed that he had received ineffective assistance of counsel because his lawyer had failed to seek an instruction that a voluntary manslaughter verdict is warranted when excessive force is used in self-defense. Johnson did not seek leave to appeal the denial of this first motion for a new trial.
1:
McLaughlin
 v. 
Gabriel
, 726 F.2d 7, 9 (1st Cir. 1984) (quoting 
Commonwealth
 v. 
Pisa
, 425 N.E.2d 290, 291 (Mass. 1981)).

Commonwealth
 v. 
Johnson
, 502 N.E.2d 506 (Mass. 1987).

In 1991, petitioner filed a motion for leave to appeal the 1983 denial of his 
first
 motion for a new trial. In the 1991 motion, Johnson again raised the issue of ineffective assistance of trial counsel and added a claim of ineffective assistance of appellate counsel, along with challenges to the trial court's instructions on self-defense, consciousness of guilt, and reasonable doubt. A single justice of the SJC declined to grant leave to appeal because

[t]he issues raised are not "new." Challenges to the instructions were raised on direct appeal and on the second appeal. Failure to include the ineffective assistance of counsel issue in the 1985 motion for new trial, although it was known, is fatal to the assertion that this claim is "new." The defendant let the 1983 claim lay dormant for approximately eight years while litigating other issues. That strategy is inconsistent with the policy of the statute requiring litigants to raise all issues at the earliest possible time.

Commonwealth
 v. 
Johnson
, No. 87-462, slip op. at 1 (Mass. October 16, 1991 (Abrams, J.)).

Johnson's petition for a writ of habeas corpus filed in the United States District Court raised eight grounds for habeas relief:

Respondent moved to dismiss the petition on the grounds that the claims were procedurally defaulted, and petitioner had failed to exhaust state remedies. On October 26, 1992, the District Court held that the petitioner was in procedural default with respect to all eight claims. The court declined to rule on exhaustion, stating that "[b]ecause petitioner's claims have been procedurally defaulted, and are therefore not reviewable by this Court, respondent's arguments regarding exhaustion of state remedies need not be addressed." 
Johnson
 v. 
Grigas
, Civ. No. 91-13275-Z, slip op. at 5 (D. Mass. October 26, 1992). Petitioner appeals the decision of the district court.

II.

Discussion

Federal habeas review is precluded when state courts reach their decisions on the basis of an adequate and independent state ground. 
Coleman
 v. 
Thompson
Harris
 v. 
Reed
Wainwright
 v. 
Sykes
, 433 U.S. 72, 81 (1977). A state court decision resting on petitioner's failure to comply with a contemporaneous objection rule at the time of trial constitutes an adequate and independent ground. 
Wainwright
, 433 U.S. at 87. This court has held that

Wainwright

McCown
 v. 
Callahan
, 726 F.2d 1, 3 (1st Cir.), 
cert.
 
denied
, 469 U.S. 839 . . . (1984). 
See
 
also
 
Puleio
 v. 
Vose
, 830 F.2d 1197, 1199 (1st Cir. 1987), 
cert.
 
denied
, 485 U.S. 990 . . . (1988).

Allen
 v. 
Commonwealth of Massachusetts
, 926 F.2d 74, 78 (1st Cir. 1991). Massachusetts has such a contemporaneous objection rule.
2:
Under the Massachusetts Rules of Criminal Procedure, "[n]o party may assign as error the giving or failure to give [a jury] instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection." Mass. R. Crim. P. 24(b).

 If the defendant fails to make such a timely objection, the claimed error will be considered only under the "substantial miscarriage of justice" standard. 
Commonwealth
 v. 
Campbell
, 474 N.E.2d 1062, 1069 (Mass. 1985). Johnson has made no effort to show cause for, and prejudice from, his not having complied with the rule. Therefore, our inquiry focuses on whether "the state enforce[d] and d[id] not waive the rule."

consideration of this case, in which 
no issue as to the judge's instructions was raised at the trial
Commonwealth
 v. 
Johnson
, 396 N.E.2d 974, 977 (Mass. 1979) (emphasis added). Petitioner alleges because the court considered the "merits" of his claims, the state waived the application of the contemporaneous objection rule. The district court disagreed, as do we.

In considering petitioner's appeal, the SJC made it clear that Johnson had committed procedural default by failing to object to the allegedly faulty jury instructions prior to the jury retiring to deliberate, and that it was considering the merits of Johnson's claims only to prevent a miscarriage of justice. 
Johnson
, 396 N.E.2d at 975, 977. This court has held that

[t]he mere fact that a state appellate court engages in a discretionary, and necessarily cursory, review under a "miscarriage of justice" analysis does not in itself indicate that the court has determined to waive an independent state procedural ground for affirming the conviction. 
See
 
Puleio
 v. 
Vose
McCown
 v. 
Callahan
, 726 F.2d 1, 3 (1st Cir. 1984). We will not infer waiver of a contemporaneous objection rule unless the state appellate court has made it "reasonably clear that its reasons for affirming a conviction rest upon its view of federal law." 
See
 
Doucette
 v. 
Vose
, 842 F.2d 538, 540 (1st Cir. 1988).

Tart
 v. 
Commonwealth of Massachusetts
, 949 F.2d 490, 496 (1st Cir. 1991). 
See
 
Coleman
, 111 S. Ct. at 2565 (holding that unless it "fairly appears" that the decision of the state's highest court rested primarily on federal law, comity considerations require that federal courts refrain from addressing the claim absent a showing of cause and actual prejudice). In this case, the SJC did not discuss, let alone rely upon, federal law. The court took note of the fact that Johnson had committed procedural default and went on to engage in a "miscarriage of justice" analysis. In these circumstances, federal habeas review is precluded.

Commonwealth
 v. 
Johnson
, 502 N.E.2d at 507, but went on to discuss the issue in an effort to resolve "some confusion as to instructions in a felony-murder case." 
Id.
 In so doing, the SJC did not waive the procedural bar. The court relied solely on state law, did not cite any federal cases in its decision, and did not mention any federal statutory or constitutional rights or principles. Because petitioner committed a procedural default, and because the SJC did not waive the bar, federal habeas review is unavailable. 
See
 
Coleman
McCown
 v. 
Callahan
, 726 F.2d 1, 3 (1st Cir.), 
cert.
 
denied
, 469 U.S. 839 (1984).

In Massachusetts, a motion for a new trial may not be used to force the courts to review issues that could have been, but were not, raised on appeal. 
Commonwealth
 v. 
Pisa
Commonwealth
 v. 
McLaughlin
Commonwealth
 v. 
Deeran
As the Supreme court recently explained,

[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman

Puleio
 v. 
Vose
, 830 F.2d 1197, 1202 (1st Cir. 1987), 
cert.
 
denied
, 485 U.S. 990 (1988) (citing 
United States
 v. 
Figueroa
, 818 F.2d 1020, 1025 (1st Cir. 1987)). We decline to do so in this case.

Petitioner is in procedural default with respect to all eight of his claims. The judgment of the district court is therefore
 
affirmed.