## COMMONWEALTH vs. REGINALD SOUZA.

Suffolk.    January 6, 1986. — April 7, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Larceny. Practice, Criminal,* Required finding, Indictment, Continuance, Request for fees and costs, Transcript of evidence. *Constitutional Law,* Assistance of counsel. *Due Process of Law,* Fair trial.

The defendant in a larceny case was not entitled to a required finding of not guilty based on his claim that the Commonwealth had failed to offer evidence as to who owned the radio speakers which were the subject of the larceny, where the complaint described the property in question with sufficient certainty, and where there was sufficient evidence in the case to establish beyond a reasonable doubt that the property belonged to someone other than the defendant. [238-239]

Although the complaint in a larceny case alleged that the owner of the property in question was one David Frost and there was no evidence at the trial to this effect, the defendant was not thereby entitled to a finding of not guilty, inasmuch as the allegation in the complaint that David Frost was the owner was unnecessary and there was no evidence offered at trial that was inconsistent with that allegation. [239]

In the circumstances of a larceny case, there was no error in the denial of the indigent defendant's motion for a polygraph examination at the Commonwealth's expense, in the denial of his motion to be provided with a transcript of the bench trial preceding his trial in the jury session, or in the denial of a continuance pending appeal of the denial of the previous two motions. [239-243]

COMPLAINT received and sworn to in the Boston Municipal Court Department on May 29, 1984.

On appeal to the jury session of that court, a motion for a polygraph test at the Commonwealth's expense was heard by *J. Peter Donovan,* J.; a motion for a transcript of the bench trial was heard by *John A. Pino,* J.; and the case was tried before *George A. O'Toole, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Edward Gold* for the defendant.

*Marcy Cass,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant, an indigent, was convicted of larceny in the Boston Municipal Court Department, jury-of-six session, and was sentenced to a term of six months' imprisonment. On appeal he argues that (1) the judge erred in refusing to grant the defendant's motion for a required finding of not guilty; (2) the conviction should be reversed because there was error in the denial of a continuance of the trial pending appeal of decisions that the defendant not be provided with the costs of a polygraph examination and a transcript of the prior bench trial. We find no basis for either contention and affirm.

On May 29, 1984, Officer James Carty filed a complaint in the Boston Municipal Court charging the defendant with larceny of two radio speakers valued at over $100, which were the property of one David Frost. In a jury-waived trial the defendant was found guilty and sentenced to a term of six months' imprisonment. On appeal to a jury-of-six session, the defendant filed several motions. On October 30, 1984, a judge denied the defendant's motion for a polygraph examination at the expense of the Commonwealth and made findings. First, the judge found that the defendant had failed to meet the procedural requirements of G. L. c. 261, § 27B (1984 ed.), with respect to a properly executed affidavit of indigency. Second, relying on our decision in *Commonwealth* v. *Lockley,* 381 Mass. 156, 163 (1980), the judge found that a polygraph examination would not be "reasonably necessary." The defendant appealed from that decision, and also filed several new motions, among which was a motion for a transcript of the jury-waived trial. Another judge denied that motion, ruling that (1) the motion was not timely filed; (2) the affidavit of indigency was not in compliance with G. L. c. 261, §§ 27B & 27C (1984 ed.); (3) the motion was not marked for hearing seasonably; and (4) the defendant failed to attach an affidavit of fact as required by Mass.R.Crim.P. 13 (a) (2), 378 Mass. 871 (1979). The defendant again appealed from the denial of that motion and later filed a modified affidavit of indigency. The defendant

also filed a motion for continuance pending appeal of the denial of motions for a polygraph examination and a transcript, which was not granted. At the close of the Commonwealth's case, the defendant filed a motion for a required finding of not guilty, which the judge denied. The jury returned a verdict of guilty. The defendant appealed to the Appeals Court and we took the case on our own motion.

1. *Sufficiency of the evidence.* The defendant's motion for a required finding of not guilty was based upon the allegation that the Commonwealth did not offer evidence which showed who owned the speakers which were the subject of the larceny. General Laws c. 266, § 30 (1) (1984 ed.), provides that "[w]hoever steals . . . the property of another . . . shall be guilty of larceny . . . ." It is an essential element of the crime charged that the property stolen must be "the property of another." It is sufficient if the evidence and the permissible inferences from that evidence "are sufficient to bring minds of ordinary intelligence and sagacity to the persuasion" that the Commonwealth has established beyond a reasonable doubt that the property belonged to someone other than the defendant. *Commonwealth* v. *Casale,* 381 Mass. 167, 168 (1980). *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979).

Direct proof of ownership, though preferable, is not essential, since the statute only requires a showing that the defendant was not the owner. As we stated in *Commonwealth* v. *Kiernan,* 348 Mass. 29, 50 (1964), cert. denied sub nom. *Gordon* v. *Massachusetts,* 380 U.S. 913 (1965), "[a]n averment and a showing that a possessory or other property interest in the thing stolen is in someone other than the thief and proof that the thief knew that he had no right to the property taken are sufficient." Indeed, G. L. c. 277, § 25 (1984 ed.), provides that indictments for property crimes need not allege the name of the owner of the property in question if that property is described with sufficient certainty.[1] See *Commonwealth* v.

---

[1] There is no question that the property was described with sufficient certainty in this case. The defendant clearly was on notice of the particular crime charged.

*Kalinowski,* 360 Mass. 682, 684 (1971); *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 383 (1921).

The evidence was sufficient to prove the crime of larceny in this case. The evidence showed that the defendant walked up to a parked automobile at 5 A.M. on a Sunday morning, reached inside and cut the wires attached to the radio speakers (leaving the wires loose). He removed the speakers from the vehicle and placed them in a paper bag, and proceeded directly away from the vehicle. Those acts were sufficiently inconsistent with ownership that it was within the province of the jury to conclude that the speakers were the property of another.

Since there was no requirement to name the owner, the allegation in the complaint that "David Frost" was the owner was unnecessary.[2] General Laws c. 277, § 35 (1984 ed.), provides that a defendant "shall not be acquitted by reason of . . . failure to prove unnecessary allegations in the description of the crime . . . ." No claim of variance can lie in this case.[3]

2. *Denial of motion for costs, continuance.* The defendant argues that he was denied equal protection, due process, a fair trial, and that his statutory rights under G. L. c. 261, § 27D (1984 ed.), were violated because it was error not to grant the defendant's motion for continuance pending appeal of the denials of his motions for costs.[4] Normally, no error arises from

---

[2] See, however, G. L. c. 277, § 79 (1984 ed.), which provides a sufficient form of indictment for larceny. The form in the statute, which the complaint in this case tracks, includes an allegation of ownership. Where the Commonwealth intends to prove ownership of another directly, it is preferable to follow the statutory form as a way of putting the defendant on notice of the crime charged. In this case, though, where the property was sufficiently described, such an allegation was unnecessary.

[3] A different case would arise where proof directly contradicted the allegation of ownership. Here, nothing was offered at trial which was inconsistent with the allegation of ownership by "David Frost," and there has been no challenge that the indictment did not adequately specify the property in question. See note 1, *supra.*

[4] General Laws c. 261, § 27D, provides in part that the court denying requests under G. L. c. 261, §§ 27B and 27C (respecting costs for indigents) "may, with or without motion, stay proceedings pending appeal . . . . The court hearing the appeal may enter or revoke such a stay . . . and its decision shall be final with respect to such request." The Superior Court never ruled

the denial of a request for continuance absent an abuse of discretion. *Commonwealth* v. *Appleby,* 389 Mass. 359, 370, cert. denied, 464 U.S. 941 (1983). *Commonwealth* v. *Funderberg,* 374 Mass. 577, 580 (1978). *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-51 (1976). Here, however, the defendant essentially argues that, by being denied a continuance, he was forced to go to trial without a polygraph examination or a transcript, and thus was not given a reasonable opportunity to prepare his defense.[5] Thus "[t]he discretion of the trial judge cannot be exercised in such a way as to impair the constitutional right to have counsel who has had reasonable opportunity to prepare a defense." *Commonwealth* v. *Cavanaugh, supra* at 51. See *Chandler* v. *Fretag,* 348 U.S. 3 (1954). "There is no 'mechanical test' for deciding when a denial of a continuance is so arbitrary as to violate a defendant's right to effective assistance of counsel and to due process of law." *Commonwealth* v. *Cavanaugh, supra* at 51. Instead we must examine the particular circumstances present in the case, "particularly [those] reasons presented to the trial judge." *Id.,* quoting *Ungar* v. *Sarafite,* 376 U.S. 575, 589 (1964).

The Legislature essentially adopted the same standard of reasonableness in enacting the more detailed provisions of G. L. c. 261, §§ 27A-27G. General Laws c. 261, § 27C (4), provides in part: "If the court makes a finding of indigency . . . it shall not deny any request with respect to extra fees and costs if it finds the document, service or object is reasonably

---

on this appeal under G. L. c. 261, § 27D. We reserve decision on whether or not § 27D provides the exclusive means to appeal from the denial of a stay.

[5] That argument turns, of course, on the assumption that these issues have not been waived. Such waiver would arise if G. L. c. 261, § 27D, provides an exclusive method of appeal which the defendant has failed properly to follow. Although that assumption has been contested on appeal, we do not reach that issue. We choose, however, to treat the issues on appeal in light of the failure to grant a motion for continuance, and reserve decision, again, on whether G. L. c. 261, § 27D, provides the exclusive avenue of appeal from a denial of costs. See *Commonwealth* v. *DeWolfe,* 389 Mass. 120, 125 n.4 (1983); *Commonwealth* v. *Lockley,* 381 Mass. 156, 159-160 (1980). Cf. *Commonwealth* v. *Pope,* 392 Mass. 493, 501-502 (1984); *Commonwealth* v. *Favulli,* 352 Mass. 95, 97-99 (1967).

necessary to assure the applicant as effective a prosecution, defense or appeal as he would have if he were financially able to pay." The standard of § 27C is "essentially one of reasonableness, and looks to whether a defendant who was able to pay and was paying the expenses himself, would consider the 'document, service or object' sufficiently important that he would choose to obtain it in preparation for his trial." *Commonwealth* v. *Lockley,* 381 Mass. 156, 160 (1980). The test is not whether an item "might conceivably contribute some assistance to the defense," nor whether such an item "would be acquired by a defendant who had unlimited resources," but whether the item is "reasonably necessary to prevent [the defendant] from being subjected to a disadvantage in preparing or presenting his case adequately, in comparison with one who could afford to pay for the preparation which the case reasonably requires." *Id.* at 160-161. The defendant does not have to show, though, that the item is necessarily outcome determinative. *Id.* at 160.

The denial of the motion for payment of costs of a polygraph examination was not in error under the applicable standard of reasonableness. In considering a particular § 27C request for costs of a polygraph examination a judge is empowered to consider among other factors "(1) the cost of the test; (2) whether the requirements of admissibility of polygraphic evidence set forth in [*Commonwealth* v. *Vitello,* 376 Mass. 426 (1978)] have been satisfied; (3) the limited use to which polygraphic evidence may be put at trial; (4) whether the defendant has a criminal record which might deter him from testifying; and (5) the possibility that the test might work to the defendant's disadvantage in the event that it produces a result unfavorable to him but he nonetheless wishes to testify on his own behalf." *Commonwealth* v. *Lockley, supra* at 163.

The defendant premised his claim for the polygraph examination on the fact that he would need it to enhance his own credibility vis-à-vis the Commonwealth's eyewitness who "was extremely difficult to cross examine . . . at the bench trial." In finding the polygraph examination not reasonably necessary the judge focused, correctly, on the fifth factor as noted in *Lockley.* Pointing out that the defendant risked the admission

of unfavorable polygraphic evidence, the judge noted that the eyewitness in question, being retarded, was subject to scrutiny and impeachment regarding his perceptions. As he stated in contrast, "[i]f the prosecution had an eye-witness whose testimony could not be impeached, and who was wholly credible, then a defendant might reasonably risk taking a polygraph in order to enhance his own credibility." It was not error to deny the motion where, as here, the potential harm far outweighed the value of the polygraph (that value being diminished by alternative and far less risky avenues of impeachment). Thus there was no error or arbitrariness in permitting trial to proceed.

The defendant argued that a transcript of the prior bench trial was an "absolute necessity" for a fair trial of the defendant, since it was necessary to impeach the Commonwealth's eyewitness. The judge denied the motion because of defects in the motion and the accompanying affidavit of indigency. While there was no specific determination below that the transcript was not "reasonably necessary," we conclude that the failure to grant a continuance pending appeal of this issue was not error. While the statute requires an affirmative finding that the transcript was reasonably necessary, the defendant failed, as the judge found, to attach any affidavit of fact that could have otherwise substantiated his bare allegation of necessity. Consequently, the defendant failed to meet his burden to provide the judge with sufficient evidence to make the requisite finding of fact.

A review of the motions filed in the trial court, and of the defendant's arguments on appeal, discloses that the defendant does not have any specific ground to substantiate the claimed impeachment value of the transcript of the bench trial below. While a transcript might "conceivably contribute some assistance to the defense," *Commonwealth* v. *Lockley, supra* at 160, there is no specific or substantiated reason to believe that the transcript would have aided the defense: there is no ground, save conjecture, to base an argument of disadvantage that would suggest that the defendant was denied an effective defense. The lack of specific arguments for need or disadvantage is particularly telling in this case where the trial counsel's own

bill for services acknowledges that he reviewed the tape record-
ing of the bench trial prior to trial before a jury-of-six.[6] In
such circumstances there was no arbitrariness in refusing to
grant a continuance, since defense counsel was given adequate
opportunity to review the prior testimony for its potential im-
peachment value, but did not make any arguments for particular
need.

*Judgment affirmed.*

---

[6] The defendant's general and nonspecific request for the transcript is
weakened by the fact that the substance of that transcript was available to
him, and he was therefore in a position to argue, for particular reasons, for
the need for a transcript. See *Blazo* v. *Superior Court,* 366 Mass. 141,
153-154 (1974).