COMMONWEALTH vs. SCOTT W. KELLY.

Essex. April 13, 1987. — May 19, 1987.

Present: GRANT, CUTTER, & BROWN, JJ.

*Robbery. Larceny. Practice, Criminal*, Sentence, Indictment.

Where a criminal defendant, after a jury-waived trial on an indictment
  charging unarmed robbery, was convicted of the lesser included offense
  of larceny, and where the evidence established that the value of the
  property stolen exceeded one hundred dollars, the defendant was cor-
  rectly sentenced to the State prison under G. L. c. 266, § 30(1), for
  larceny of property of a value in excess of that amount. [183-186]
An indictment for robbery need not allege the value of the property stolen.
  [186]

INDICTMENT found and returned in the Superior Court De-
partment on October 30, 1985.

The case was heard by *Walter E. Steele*, J.

*Jane Larmon White*, Committee for Public Counsel Services,
for the defendant.

*Judith Fabricant*, Assistant District Attorney, for the Com-
monwealth.

GRANT, J. The defendant waived his right to trial by jury
on an indictment which charged him with an unarmed robbery
committed on September 25, 1985, but did not state the value
of the property stolen (United States currency). The prosecutor
and defense counsel stipulated at the outset of the trial to the
admission in evidence of the relevant police report and that
there was no question as to the identity of the defendant as the
one who had stolen a money bag and its contents from a sales
clerk in a department store. The clerk, who was the only
witness, testified that the bag had contained about $175 in
cash, some checks and some credit card charge slips. Cross
examination was perfunctory because, as is apparent from the
record, the only hope the defendant had was to persuade the

trial judge to reduce the charge from one of robbery, for which the sentence could be "imprisonment . . . for life or for any term of years" (G. L. c. 265, § 19 [*b*], as appearing in St. 1981, c. 678, § 4), to one of larceny, for which the ranges of punishment were set out in G. L. c. 266, § 30 (1), as amended through St. 1968, c. 737, § 10.[1]

The defendant succeeded in his purpose, as the judge found him guilty of simple larceny. At the immediately ensuing hearing on disposition, both counsel recommended a sentence of from three to five years at M.C.I., Walpole (now Cedar Junction); counsel differed in the respect that the prosecutor wanted the sentence to commence from and after another sentence which the defendant was then serving, and defense counsel wanted the two sentences to be served concurrently. When the opposing recommendations are considered in light of the punishments for larceny which were then authorized by G. L. c. 266, § 30 (1), it is apparent that both counsel assumed that the judge had found that the defendant had stolen more than

---

[1] General Laws c. 266, § 30(1), as amended through St. 1968, c. 737, § 10, read as follows: "(1) Whoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny, and shall, if the property stolen is a firearm, as defined in section one hundred and twenty-one of chapter one hundred and forty, or, if the value of the property stolen exceeds one hundred dollars, be punished by imprisonment in the state prison for not more than five years, or by a fine of not more than six hundred dollars and imprisonment in jail for not more than two years; or, if the value of the property stolen, other than a firearm as so defined, does not exceed one hundred dollars, shall be punished by imprisonment in jail for not more than one year or by a fine of not more than three hundred dollars; or, if the property was stolen from the conveyance of a common carrier or of a person carrying on an express business shall be punished for the first offence by imprisonment for not less than six months nor more than two and one half years, or by a fine of not less than fifty nor more than six hundred dollars, or both, and for a subsequent offence, by imprisonment for not less than eighteen months nor more than two and one half years, or by a fine of not less than one hundred and fifty nor more than six hundred dollars, or both."

$100 and would sentence accordingly. The sentence imposed was from three to five years, Cedar Junction, to be served from and after the sentence the defendant was then serving. The defendant appealed.

1. His principal contention is that the sentence was illegal because he could not be sentenced for more than the maximum of a year in jail which is permitted by G. L. c. 266, § 30(1), when the property stolen does not exceed $100 in value.[2] There are several facets to the argument, but its basic premise is that the value of the property stolen is an element of the offence of larceny and that larceny of property of a value in excess of $100 cannot be a lesser included offence of robbery, which requires no minimum value. The corollary of the argument, nowhere articulated as such, is that the defendant should be resentenced as for larceny of property not exceeding $100 in value. We reject the premise of the argument.

A careful, grammatical reading of G. L. c. 266, § 30(1), (*supra*, note 1) discloses that its opening clause assimilates what were earlier regarded as the separate and distinct offences of stealing, obtaining property by false pretenses and embezzlement into a single offence called "larceny"; it does so by proving that anyone who commits any of the three offences "shall be guilty of larceny." It is not until the assimilation has been accomplished that the statute takes up the question of penalties by providing for various ranges of punishment which depend on the circumstances of the particular case. Thus, the punishment differs, depending on whether the property stolen was or was not a firearm (as defined in G. L. c. 140, § 121), did or did not exceed $100 in value, or was taken from a conveyance of a common carrier or a person engaged in an express business (and, if so, whether it was the defendant's first or a subsequent offence). We think it clear from the face of the statute that the value of the property, where material, is an element of the punishment but not an element of the offence of larceny.

---

[2] Appellate counsel blithely ignores the fact that trial counsel concurred in a sentence of from three to five years in the State prison and voiced no objection to such a sentence when it was imposed to run consecutively.

That conclusion is reinforced by a consideration of the relevant statutory history of G. L. c. 266, § 30 (1).[3] It is beyond dispute that the purpose of the assimilation of offences was to reduce, if not eliminate, the opportunities for a fatal variance which existed whenever an indictment charged one offence and the proof disclosed a different one. See *Commonwealth v. McDonald*, 187 Mass. 581, 584 (1905); *Commonwealth v. King*, 202 Mass. 379, 387-389 (1909). The assimilation was accomplished by St. 1899, c. 316 ("An Act to define the crime of larceny"), § 1, which did not set out any punishment for the commission of a "larceny." The penalties, which could depend on whether the value of the property stolen did or did not exceed $100 in value, were to be found in the separate and distinct provisions of the general larceny statute then in effect, which was Pub. Sts. (1882) c. 203, § 20. It had been either said or held under predecessors of § 20 that the value of the property stolen was an element of the punishment of larceny, not an element of the offence itself. See, e.g., *Jones v. Robbins*, 8 Gray 329, 332-333 (1857) (Shaw, C. J.), which dealt with Rev. Sts. (1835) c. 126, § 17, and *Commonwealth v. Lawless*, 103 Mass. 425 (1869), which was decided under Gen. Sts. (1860) c. 161, § 18. It was said in the latter case that "[t]he offence [of larceny] is the same in character, whether punishable by the greater or the lesser penalty. It is wholly set out in one section of the statute, and by the same words; the distinction consisting only in the degrees of punishment inflicted, and that distinction depending solely upon the value of the property stolen" (103 Mass. at 433).

The assimilation accomplished by St. 1899, c. 316, § 1, and the ranges of punishment set out in Pub. Sts. c. 203, § 20, were blended into a single section in the transition to R.L. (1902) c. 208, § 26. The blend has been perpetuated until the present, although there have been some amendments of the punishment provisions which are not material for present pur-

---

[3] Portions of the history of § 30 (1) are to be found in *Commonwealth v. Kiernan*, 348 Mass. 29, 53 n.20 (1964), cert. denied sub nom. *Gordon v. Massachusetts*, 380 U.S. 913 (1965), and *Commonwealth v. Jones*, 362 Mass. 83, 86 n.2 (1972).

poses. See G. L. (1921) c. 266, § 30; G. L. (Ter. Ed.) c. 266, § 30; St. 1945, c. 282, § 2; St. 1968, c. 737, § 10; St. 1985, c. 306, § 1. Meanwhile, the standard definition of larceny found in the cases has made no reference to the nature or value of the property stolen. See, e.g., *Commonwealth* v. *Jones,* 362 Mass. 83, 85-86 & n.2 (1972); *Commonwealth* v. *Johnson,* 379 Mass. 177, 181 (1979); *Commonwealth* v. *Donovan,* 395 Mass. 20, 25-26 & n.4 (1985), and cases cited. See also the definition of "*Larceny*" found in G. L. c. 277, § 39. We think it has been the common understanding ever since the decisions in *Jones* v. *Robbins* and *Commonwealth* v. *Lawless* that the value of the property stolen is not an element of the offence of larceny.

Larceny has been routinely considered a lesser included offence of robbery, so that one indicted for the latter may be convicted of and sentenced as for the former. See, e.g., *Commonwealth* v. *Novicki,* 324 Mass. 461, 465-466, 467 (1949); *Commonwealth* v. *Hogg,* 365 Mass. 290, 295 (1974); *Commonwealth* v. *Johnson,* 379 Mass. at 181-182. See also G. L. c. 278, § 12. In the *Novicki* case, the court treated larceny of property exceeding $100 in value as a lesser included offence of armed robbery. 324 Mass. at 465-467.[4] That result could not have been reached if the value of the property stolen is an element of the offence of larceny because the value of the property is not an element of robbery. See generally *Common-*

---

[4] It is true, as the defendant points out, that the indictment in the *Novicki* case charged a theft of $50,000, but nothing in the court's opinion appears to have turned on that fact. If an indictment for larceny contains no allegation of the value of the property stolen, or if it does contain such an allegation but the value is disputed, the judge should instruct the jury that if they convict, they must determine by their verdict whether the value did or did not exceed $100 so that the judge will know which range of punishments is available. Otherwise the judge will be required to sentence as if the value did not exceed $100. Compare *Commonwealth* v. *Lawless,* 103 Mass. at 433; *Commonwealth* v. *Walters,* 12 Mass. App. Ct. 389, 393-395 (1981). In the present case, the indictment contained no allegation of the amount of money stolen, but it is clear from the sentence imposed (and as both counsel assumed at the hearing on the disposition) that the judge, sitting as the trier of fact, properly found that the defendant had stolen more than $100.

wealth v. *Jones*, 382 Mass. 387, 393 (1981); *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981).

It was in light of the foregoing that this court, in *Commonwealth* v. *Dellinger*, 10 Mass. App. Ct. 549 (1980), reiterated the view that larceny of property exceeding $100 in value is a lesser included offence of robbery. 10 Mass. App. Ct. at 557-558, 562. The Supreme Judicial Court, on further review, 383 Mass. 780 (1981), reversed the relevant conviction on different grounds and ordered the entry of a judgment of not guilty. The court took the occasion to say by way of dictum that "[t]here is a serious question whether larceny of property of a value in excess of $100 is included in robbery, which requires no minimum value." *Commonwealth* v. *Dellinger*, 383 Mass. at 784. The only discernible basis for noticing such a question would be that the value of the property stolen is an element of the offence of larceny, but, for the reasons already set out, we entertain no doubt that it is not and adhere to the view expressed in our opinion in the *Dellinger* case.

Accordingly, we find no basis for revising the sentence for larceny which was imposed in this case.

2. The defendant would also have us fault the indictment because it did not allege the value of the property stolen. An indictment for robbery need not contain any such allegation. See the form of indictment set out in G. L. c. 277, § 79. Nor would such an allegation have been required if the defendant had been indicted for larceny. General Laws c. 277, § 24, is explicit that "[t]he value or price of property need not be stated, unless an essential element of the crime." We have already given our response to the "unless" clause.[5]

3. Nor are we impressed by the notion that our conclusion as to the value of the property stolen would lead to confusion as to the various penalties which can be imposed. There is nothing confusing about the maximum penalty for robbery,

---

[5] This is not to say that a defendant would not be entitled to particulars under G. L. c. 277, § 34, as appearing in St. 1979, c. 344, § 34, or under Mass.R.Crim.P. 13 (b) (1), 378 Mass. 872 (1979), if necessary to the preparation of his defense. See, e.g., *Commonwealth* v. *Baker*, 368 Mass. 58, 72-77 (1975); *Commonwealth* v. *Wainio*, 1 Mass. App. Ct. 866, 867 (1974).

with which the defendant was originally charged. General Laws c. 265, § 19 (*b*), provides for "imprisonment in the state prison for life or for any term of years." There is no room for uncertainty as to the meaning of those words. See *Commonwealth* v. *Franks*, 365 Mass. 74, 76, 81 (1974), *S.C.*, 369 Mass. 608 (1976), and 372 Mass. 866 (1977); *Commonwealth* v. *Dougan*, 23 Mass. App. Ct. 1012, 1015-1016 (1987), and cases cited. Indeed, the defendant told the judge in the course of the colloquy over the waiver of a jury that he understood the maximum sentence for robbery to be life. We see no confusion over the differing ranges of punishment for larceny, once it is understood that the value of the property stolen goes only to the quantum of punishment. We do not understand the defendant to say he would not have taken the money bag if he had known it contained more than $100. See *Commonwealth* v. *Lewis*, 346 Mass. 373, 377-378 (1963), cert. denied, 376 U.S. 933 (1964).

*Judgment affirmed.*