COMMONWEALTH *vs.* MARTHA MAHONEY.

No. 05-P-1680.

Middlesex. October 6, 2006. - April 5, 2007.

Present: KANTROWITZ, COWIN, & GRAINGER, JJ.

*Practice, Criminal,* Lesser included offense, Duplicative convictions. *Embezzlement. Larceny.*

A criminal defendant indicted under G. L. c. 266, § 51, for embezzlement by a city, town, or county officer, could properly be convicted of "simple" embezzlement, as set forth in the larceny statute, G. L. c. 266, § 30, as a lesser included offense, where the only additional element present in embezzlement under § 51 is the identity of the victim, a factor that is irrelevant in a case of simple embezzlement under § 30 [562-565]; however, once the Commonwealth obtained a conviction of simple embezzlement, it could not permissibly obtain a larceny conviction on an embezzlement theory under § 30 on the same facts [565-568].

INDICTMENTS found and returned in the Superior Court Department on January 20, 2004.

The cases were tried before *Mitchell J. Sikora, Jr.,* J.

*Kenneth I. Seiger* for the defendant.

*Jessica L. Langsam,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant, Martha Mahoney, was indicted for embezzlement by a city, town, or county officer, see G. L. c. 266, § 51, and for larceny over $250, see G. L. c. 266, § 30. The indictments were based on her alleged theft of approximately $44,000 out of parking fines and excise taxes that she received in her capacity as an employee of the office of the parking clerk of the city of Lowell. After a jury trial in the Superior Court, she was convicted of "simple embezzlement," as a lesser included offense under G. L. c. 266, § 51; she was also convicted of the larceny charge. A judge thereafter sentenced her to concurrent one-year sentences for each offense, and the defendant filed a timely notice of appeal.

Conviction of the lesser included offense came about as the result of the judge's ruling, on the defendant's motion for a required finding of not guilty, that the defendant was not a county, city, or town "officer" within the meaning of G. L. c. 266, § 51, and that, accordingly, she could not be convicted of embezzlement under that statute. The validity of that ruling is not before us. The judge determined, in addition, that the defendant could be convicted of a lesser included charge of simple embezzlement and instructed the jury accordingly. He also instructed on the charge of larceny over $250 under G. L. c. 266, § 30.

On appeal, the defendant asserts that simple embezzlement is not a lesser included offense of embezzlement by a county, city, or town officer, and that therefore her motion for a required finding on the embezzlement charge should have been allowed in its entirety because the Commonwealth failed to prove an essential element of the G. L. c. 266, § 51, charge. In the alternative, she argues that, if her conviction of simple embezzlement is upheld, then her conviction of larceny over $250 under G. L. c. 266, § 30, is duplicative. We agree with the trial judge that embezzlement is a lesser included offense of embezzlement under G. L. c. 266, § 51, and that the defendant could properly be convicted thereof. That conviction, however, rendered the conviction of larceny under G. L. c. 266, § 30, duplicative, and that charge must be dismissed.

1. *Lesser included offense.* The Commonwealth asserts that the defendant did not preserve an objection to the giving of the lesser included offense instruction and, accordingly, must demonstrate that there has been a substantial risk of a miscarriage of justice in order to obtain reversal of the conviction for embezzlement. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). It is true that the defendant did not object when the judge delivered his instructions on simple embezzlement. The defendant did, however, move for a required finding on the entire embezzlement count. In addition, a mistake by counsel that has the effect of waiving the defendant's entitlement to a dismissal would surely constitute a substantial risk of a miscarriage of justice. We prefer not to attempt to unravel the issue of waiver, because the defendant fails on the merits in any event.

"[A] crime can be lesser included only if all its formal elements are comprised in the greater crime." *Commonwealth* v. *Smith*, 37 Mass. App. Ct. 10, 13 (1994). See *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981); *Commonwealth* v. *Murray*, 51 Mass. App. Ct. 57, 60 (2001). "If the lesser crime requires proof of an additional fact that the greater crime does not, then it is not a lesser included offense of the greater crime." *Ibid.* See *Commonwealth* v. *Jones, supra.* It is appropriate therefore to examine the elements of the respective offenses.

Fraud or embezzlement by a county, city, or town officer is a crime created by statute; it applies to "[a] county, city or town officer who embezzles or fraudulently converts, or who fraudulently takes or secretes with intent so to do, effects or property which belong to or are in possession of said county, city or town . . . ." G. L. c. 266, § 51. See *Commonwealth* v. *O'Brien*, 305 Mass. 393, 397 (1940). Embezzlement in ordinary circumstances is governed by G. L. c. 266, § 30, because it is considered a type of larceny.[1] That section provides that "[w]hoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another . . . , whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny . . . ." G. L. c. 266, § 30, inserted by St. 1945, c. 282, § 2.

However, the elements of the "embezzlement" portion of the crimes are the same whether the embezzlement is the theft of property by a governmental officer under G. L. c. 266, § 51, or a form of larceny actionable under G. L. c. 266, § 30. They are set forth effectively in the District Court model jury instructions as (1) "[t]hat the defendant, while in a position of trust or confidence, was entrusted with possession of personal property belonging to another person," (2) "[t]hat the defendant took that property, or hid it, or converted it to his . . . own use,

---

[1]Embezzlement, larceny, and larceny by false pretenses are all subject to a general "larceny" statute. See *Commonwealth* v. *King*, 202 Mass. 379, 385 (1909). The words "steal" or "theft" are terms of art that encompass embezzlement, larceny, and larceny by false pretenses. See *Commonwealth* v. *Mills*, 436 Mass. 387, 391 (2002).

without the consent of the owner," and (3) "[t]hat the defendant did so with the intent to deprive the owner of the property permanently." Instruction 5.415 of the Model Jury Instructions for Use in the District Court (1997). See *Commonwealth* v. *Mills*, 436 Mass. 387, 394 & n.4 (2002) (quoting instruction 5.415). See also Massachusetts Superior Court Criminal Practice Jury Instructions § 2.40 (Mass. Continuing Legal Educ. 2003). It is an essential element of each offense that the property taken must be the property of another, see *Commonwealth* v. *Souza*, 397 Mass. 236, 238 (1986), and it must come into the possession of the defendant lawfully by virtue of his relationship of trust or confidence with the owner, see *Commonwealth* v. *Mills*, *supra*.

It follows therefore that the only distinguishing features between the two crimes are the status of the perpetrator and the identity of the owner whose property is embezzled. The judge disposed of the first distinction by determining that the defendant had not been shown to be an "officer" of the city, and accordingly allowed the defendant's motion for a required finding with respect to a violation of § 51. Thus, the only remaining distinction results from the requirement of § 51 that the embezzled property belong to, or be in the possession of, a county, city, or town, as opposed to the provision of § 30 that the embezzled property belong to "another." The defendant argues that the victim under § 30 (i.e., "another") cannot be a county, city, or town; § 30 therefore contains an element that § 51 does not; and consequently a violation of the embezzlement portion of § 30 cannot be a lesser included offense under § 51. We disagree.

It has never been held under any known embezzlement analysis that an "owner" of the stolen property must be a person or individual. See *Commonwealth* v. *Mills*, *supra* at 394-396 (embezzlement of funds owned by city of Boston); *Commonwealth* v. *Nadal-Ginard*, 42 Mass. App. Ct. 1, 8-10 (1997) (embezzlement of funds from Boston Children's Heart Foundation). The model jury instructions' elaboration of "another" as being "another person" was not intended to exclude property embezzled from a government entity or from any other organization.

Furthermore, as is the case with all of the "larceny" crimes governed by G. L. c. 266, § 30, the Commonwealth is not required to prove the identity of the owner of the stolen property in order to satisfy its burden with respect to embezzlement. See *Commonwealth* v. *Kiernan*, 348 Mass. 29, 50-51 (1964), cert. denied sub nom. *Gordon* v. *Massachusetts*, 380 U.S. 913 (1965); *Commonwealth* v. *Souza, supra.* The Commonwealth must show only that the defendant was not the actual owner. *Ibid.* ("Direct proof of ownership, though preferable, is not essential, since the statute only requires a showing that the defendant was not the owner"). *Commonwealth* v. *Nadal-Ginard, supra* at 2 n.1.

Having concluded that a victim of simple embezzlement can be any individual or any entity, we believe that it follows that simple embezzlement is a lesser included offense under G. L. c. 266, § 51. Eliminating the issue of the status of the defendant as an "officer," which the judge did, the only additional element present in a case under § 51 is the identity of the victim, a factor that is irrelevant in a case of simple embezzlement. We are not persuaded by the defendant's argument that, given the existence of the crime of embezzlement as a larceny under G. L. c. 266, § 30, the Legislature could not have intended that it also serve as a lesser included offense within the special parameters of embezzlement by a public officer under G. L. c. 266, § 51. We see no reason in logic or public policy why the normal criteria for deciding when one offense is a lesser included of another should not apply. Thus, there being no claim that the evidence was insufficient to prove the elements of simple embezzlement, the judge correctly denied the defendant's motion for a required finding. See *Commonwealth* v. *Cintron*, 435 Mass. 509, 514 (2001), quoting from *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

2. *Duplicative convictions.* The defendant argues alternatively that if she can lawfully be convicted of embezzlement as a lesser included offense within G. L. c. 266, § 51, then, under the *Morey* rule, she cannot also be convicted of larceny under G. L. c. 266, § 30, on the evidence in this case. See *Morey* v. *Commonwealth*, 108 Mass. 433, 434-435 (1871). The Commonwealth responds by asserting that (1) the convictions arise

out of different acts of the defendant, thereby eliminating any possibility that the convictions are duplicative; and (2) the convictions are not duplicative in any event because the elements of the crimes are different.

We agree with the Commonwealth that where multiple convictions are derived from separate and discrete acts, those convictions cannot be duplicative. "[T]he *Morey* rule *only* applies to situations in which two or more convictions arise out of precisely the same act" (emphasis original). *Commonwealth* v. *Gallant*, 65 Mass. App. Ct. 409, 415 (2006). Where, instead, convictions are based on different acts, "it is unnecessary even to consider whether the offenses contain mutually exclusive elements; multiple punishments are authorized in any event." *Ibid.* Applying this principle, the Commonwealth urges that we view the larceny indictment as alleging a series of thefts occurring between January 1, 2002, and June 30, 2003, and conclude that the jury could permissibly have found that one of the thefts was a larceny and another was embezzlement. See *Commonwealth* v. *Murray*, 401 Mass. 771, 774 (1988) (Commonwealth not required to charge successive thefts from single victim pursuant to single scheme as one crime).

The problem with the Commonwealth's contention is that the thefts in this case were neither charged nor tried in this manner. While the larceny indictment alleges that the defendant stole the city's property on divers dates, only a single charge of larceny is contemplated. The Commonwealth did not seek multiple larceny convictions, apparently content to obtain a single larceny conviction as long as a theft between January 1, 2002, and June 30, 2003, could be proved. The judge gave generalized larceny instructions without suggesting that multiple violations were at issue or that the jury might need to agree unanimously with respect to the time at which one or another theft occurred. Therefore, we reject the Commonwealth's speculation that the jury purposefully treated the secreting of $700 as an embezzlement, while finding that the theft of the remainder of the missing $44,000, or part thereof, was a larceny. It is clear from the record that the embezzlement and larceny convictions arose from the same conduct on the part of the defendant, thereby implicating the *Morey* rule.

"The traditional rule in Massachusetts, as embodied in [*Morey*] and its progeny, is that a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not. As long as each offense includes an element that the other does not, 'neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].' " *Commonwealth* v. *Keohane*, 444 Mass. 563, 574 (2005), quoting from *Commonwealth* v. *Jones*, 441 Mass. 73, 74-75 (2004) (citations omitted). The analysis focuses on a consideration of the elements of the respective charges abstracted from the facts of any particular case. See *Commonwealth* v. *Crocker*, 384 Mass. 353, 359 (1981); *Commonwealth* v. *Jones*, 59 Mass. App. Ct. 157, 162 (2003). The question here, then, is whether the elements of the lesser included embezzlement offense under G. L. c. 266, § 51, are the same as those of an embezzlement offense under G. L. c. 266, § 30.

The trial judge noted that the question was close, "but I believe that so long as the elements are different . . . we have two separate crimes." That would be true had the Commonwealth attempted to prove a traditional larceny instead of an embezzlement. While larceny, larceny by false pretenses, and embezzlement have all been placed within G. L. c. 266, § 30, they have different required elements, and those differing elements have survived the merger of the offenses within § 30. See *Commonwealth* v. *Mills*, 436 Mass. at 399; *Commonwealth* v. *Kelly*, 24 Mass. App. Ct. 181, 183 (1987). "[P]roof of embezzlement will not sustain an indictment charging merely a larceny, and . . . proof of larceny will not sustain a charge of embezzlement." *Commonwealth* v. *Kelley*, 184 Mass. 320, 322 (1903). Thus, as indicated earlier, embezzlement requires that property of another be entrusted to the defendant and then subsequently converted, see *Commonwealth* v. *Mills*, *supra* at 394, while traditional larceny requires that the defendant engage in the "unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently," *Commonwealth* v. *Donovan*, 395

Mass. 20, 25-26 (1985), quoting from *Commonwealth* v. *Johnson,* 379 Mass. 177, 181 (1979).

In the present case, however, the Commonwealth made no effort to prove that the defendant unlawfully took and carried away the city's property so as to have committed a traditional larceny. Rather, the entire premise of the prosecution was that the defendant received various parking fines and excise tax payments in the course of her duties as first assistant parking clerk and then unlawfully retained portions of them with the intent to deprive the city of that property permanently. This is the essence of embezzlement, not larceny. Nothing turns on the allegation that the defendant's theft exceeded $250, a factor of significance in determining the level of larceny, but of no relevance with respect to embezzlement. We have held that the monetary value of the stolen property is relevant only for sentencing purposes and is not necessary to proof of the larcenous act. See *Commonwealth* v. *Kelly, supra* at 183-184.

Accordingly, once the Commonwealth obtained a conviction of embezzlement as a lesser included offense under G. L. c. 266, § 51, it could not permissibly obtain a larceny conviction on an embezzlement theory under G. L. c. 266, § 30, on the same facts. Duplicative convictions are avoided only where neither crime is a lesser included of the other. See *Commonwealth* v. *Keohane,* 444 Mass. at 574-575.

3. *Disposition.* The judgment of conviction on so much of the indictment as charges embezzlement (no. 2004-0055-001) is affirmed. The judgment of conviction of larceny is vacated, the verdict is set aside, and an order shall enter dismissing that charge (no. 2004-0055-002).

*So ordered.*