Following a bench trial in the District Court, the defendant, Brian O. Buckson, appeals from his conviction for larceny of property valued at over $250, in violation of G. L. c. 266, § 30 (1). The defendant claims that the trial judge erred in denying his motion for a required finding of not guilty. We affirm.
Facts. In October, 2015, Fred's Energy in Derby, Vermont received an online inquiry from an individual (buyer) seeking information about a particular brand of natural gas generator. The buyer subsequently ordered two generators and paid fifty per cent of the price as a down payment via credit card, indicating that he would pick up the generators when they arrived at Fred's Energy.
Fred's Energy then ordered the two generators from its supplier, the Granite Group. Fred's Energy paid $11,827.71 to the Granite Group for the generators. The Granite Group shipped the generators to Fred's Energy in Derby. The buyer paid the remaining fifty per cent for the generators via credit card but did not pick up the items as originally indicated. Instead, FedEx picked up the generators, which were in large crates on four feet by six feet pallets, weighing approximately one thousand pounds.[2]
On October 6, 2015, FedEx delivered two pallets containing the generators to 105 Fremont Street in Worcester,[3] the site of BPS Towing Automotive Recovery (BPS), the defendant's place of business. The defendant signed for and received the two pallets, which were addressed to "Mike Brown" as consignee. In February, 2016, Worcester police officers interviewed the defendant about the generators that had been delivered to his business in October, 2015. He denied knowing Mike Brown, but acknowledged having signed for and received the generators in the ordinary course of his business. He told the police that he shipped the packages to Ghana because they were in the way.[4]
Discussion. The defendant asserts that the judge erred in denying his motion for a required finding of not guilty because the Commonwealth presented insufficient evidence to support the offense charged in the complaint: that he "did steal the property of Fred's Plumbing & Heating, such property having a value of more than $250, in violation of G. L. c. 266, § 30(1)."[5]
In reviewing a motion for a required finding of not guilty, we examine the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). In satisfying this standard, "the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence." Commonwealth v. Degro, 432 Mass. 319, 325 (2000). To prove larceny by stealing,[6] the Commonwealth was required to prove the "unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently." Commonwealth v. Mills, 436 Mass. 387, 394 (2002), quoting Commonwealth v. Donovan, 395 Mass. 20, 25-26 (1985).
The defendant argues that there was insufficient evidence from which the Commonwealth could have proved, beyond a reasonable doubt, that he took or carried away property of another. Rather, he passively received them on behalf of an unknown person who had them delivered to his place of business. Since everyone in the chain of delivery consented to the transfer of the generators, he argues, there could be no trespassory taking, against the will of the victim, necessary to constitute larceny by stealing. He also argues that the evidence was insufficient to establish that he had the requisite intent to "permanently deprive the owner of the stolen goods."[7]
Trespassory taking. It is true that "the sine qua non of the crime of larceny" is lack of consent. Commonwealth v. St. Hilaire, 470 Mass. 338, 345 (2015). Cf. Mills, 436 Mass. at 394 ("We agree with the well-reasoned analysis of the Appeals Court that filing false earnings reports with the [city's retirement] board does not constitute a trespassory taking of money"). The nonconsensual or trespassory aspect of a taking refers to the violation of a possessory interest of the victim. See J.R. Nolan & L.J. Sartorio, Criminal Law §§ 345, at 366 ("Larceny is a crime against the possession of property") and 343, at 364 (3d ed. 2001) ("The exercise of improper dominion over the property of another constitutes a trespass").
Here, the Commonwealth presented evidence that the defendant signed for a delivery of goods that he knew belonged to someone else, and that he took that property and carried it away onto his own business premises. Although the property may have been delivered to the defendant's place of business in an entirely consensual manner, the defendant's act of signing for the generators, which were plainly addressed to and therefore likely intended for someone else, was sufficient to establish that the taking was without the consent of the owner. Additionally, evidence that the defendant sent the generators, belonging to someone else, off the premises without the owner's consent further demonstrates his "exercise of improper dominion over the property of another" sufficient to constitute a trespass. J.R. Nolan & L.J. Sartorio, Criminal Law § 343, at 364.
Specific intent.[8] The defendant also argues that there was insufficient evidence that he had the specific intent to permanently deprive the owner of the generators, since he shipped them to Ghana in the ordinary course of his business, as he would with all of the other goods he receives. The judge was not required, however, to believe the defendant's testimony that he shipped the generators to Ghana.[9] In any event, even if he did credit this testimony, the Commonwealth was not required to show that the defendant personally gained from the disposition of the property. Rather, "[o]ne who takes property without the authority of the owner and so uses it or disposes of it as to show indifference whether the owner recovers possession may be found to intend to deprive the owner of it permanently" (quotation omitted). Commonwealth v. Moore, 36 Mass. App. Ct. 455, 456-457 (1994). See Commonwealth v. Coyle, 17 Mass. App. Ct. 982, 984 (1984).
Here, the defendant took possession of the two generators that did not belong to him and disposed of them such that he could not recover them. The evidence was sufficient to establish that the defendant disposed of the generators in a manner that showed indifference as to whether they would ever return to their rightful owner. The element of specific intent to permanently deprive the owner of the property was satisfied.
The motion for required finding was properly denied.
Judgment affirmed.

Subsequently, the buyer attempted to purchase two additional generators using a different credit card, but the card was declined. Shortly thereafter, Fred's Energy was notified by the credit card company on which the original purchase had been made that the full amount of the purchase price was being "charged back" to it. Fred's Energy never received the generators back or payment for the generators, and so notified the Vermont State police of the theft in or about mid-October, 2015.

The packages had been addressed to 105 Tremont Street in Worcester; since there was no Tremont Street in Worcester, FedEx delivered them to the likely intended address of 105 Fremont Street.

At trial, the defendant testified that his business entails receiving automobiles, as well as other goods, and shipping them to Africa on behalf of others. He stated that, after receiving the generators in October, 2015, someone came to claim them, alleging that the packages contained shingles, but failed to provide identification as to Mike Brown. The defendant told the person that he would ship the packages to Ghana per his request when he provided the proper paperwork. After holding on to the generators for more than three months with no one else claiming them, the defendant shipped them to Ghana in January, 2016, because the presence of the generators on his premises caused him to have problems with space he needed to run his business as well as with his licensing (for a class 3 junk yard license). He stated that the generators remained in a port in Ghana, but that he could not retrieve them because the container in which they were shipped was seized.

The FedEx delivery receipt indicates that the generators were shipped from "Fred's Plumbing & Heating Inc.," but the representative of the company who testified at trial indicated that the correct name of the business is Fred's Energy, consistent with its invoice for the generators.

" 'The word "steal[ing]" has become a term of art and includes the criminal taking or conversion by way either of larceny, embezzlement or obtaining by false pretenses.' These three formerly separate crimes have been merged into the one crime of larceny as defined in G. L. c. 266, § 30. Larceny can be established by evidence that would have warranted a conviction upon any one of the three formerly separate charges" (citations omitted). Commonwealth v. Mills, 436 Mass. 387, 391-392 (2002). Here, the Commonwealth proceeded on the theory of larceny by stealing at trial and on appeal limits its arguments to that theory. We likewise limit our consideration to that theory.

There is no dispute that the generators did not belong to the defendant, as he admitted this at trial and does not dispute ownership on appeal. See Commonwealth v. Souza, 397 Mass. 236, 238-239 (1986) (identity of owner is not essential for larceny, only that defendant was not owner); Commonwealth v. Alvarez, 90 Mass. App. Ct. 158, 161 n.3 (2016) (same).

At oral argument, an issue was raised as to the necessity of the specific intent coinciding with the taking and carrying away elements of the offense. The parties have not "cited any authority and we do not know of any which holds, in these circumstances, that the requisite intent must be present at the exact moment of the taking." Commonwealth v. Lent, 46 Mass. App. Ct. 705, 708 (1999).

As it related to the credibility of the defendant's account, the judge could have considered that the defendant made no attempt to contact Fred's Energy in Vermont and instead sent the generators to an unspecified recipient in Ghana without any confirmation of the identity or direction of the owner.