NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-621

COMMONWEALTH

vs.

ANDREW BROWN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A two-count complaint issued from the Roxbury Division of the Boston Municipal Court charging the defendant, Andrew Brown, with (1) violation of an abuse prevention order (G. L. c. 209A, § 7), and (2) stalking in violation of an abuse prevention order (G. L. c. 265, § 43 [b]).  On the first count, a jury returned a guilty verdict, and on the second count returned a guilty verdict of the lesser included offense of violation of an abuse prevention order.  The trial judge imposed concurrent suspended sentences of fifteen months in the house of correction.  Three months later, leaving the conviction of the first count undisturbed, the judge vacated the conviction of the second count after concluding that the absence of a specific unanimity

instruction created a substantial risk of a miscarriage of justice. The judge also stated that the Commonwealth could retry the defendant on that count.

The defendant filed a direct appeal from his convictions and filed a petition for interlocutory review of the judge's postjudgment decision, raising a double jeopardy claim, with a single justice of the Supreme Judicial Court pursuant to G. L. c. 211, § 3. Allowing the defendant's petition, the single justice transferred the case to this court for a determination of the "defendant's claim that any retrial on count two of the complaint is barred by principles of double jeopardy." Before us now is the consolidated direct appeal and interlocutory appeal. For the reasons set forth herein, we affirm the defendant's conviction of the first count of the complaint and conclude that the defendant cannot be retried on the second count. We therefore reverse the judgment on count two of the complaint, set aside the verdict, and enter judgment for the defendant on that count.

Instruction on lesser included offense. Without any objection by the defense, the trial judge provided a lesser included offense instruction on the second count that charged aggravated stalking. Consistent with the jury instruction, the verdict slip gave jurors the option under the second count of convicting the defendant of aggravated stalking or the lesser

2

included 209A violation.  On appeal, the defendant contends that this instruction should not have been provided.  We discern no error and no "substantial risk of a miscarriage of justice." Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).  See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999) (where defendant did not object at trial appellate review limited to whether there was any error, and if so, whether that error created substantial risk of a miscarriage of justice).

Violation of a 209A order is a lesser included offense of aggravated stalking.  Edge v. Commonwealth, 451 Mass. 74, 77 (2008).  "[W]hen the evidence permits a finding of a lesser included offense, a judge must, upon request, instruct the jury on the possibility of conviction of the lesser crime" (citation omitted).  Commonwealth v. Roberts, 407 Mass. 731, 737 (1990). "This requirement applies to requests made by the Commonwealth." Commonwealth v. Taylor, 486 Mass. 469, 485 (2020).  The evidence showed that the 209A order issued on July 20, 2021, and required the defendant to refrain from abusing the victim, avoid contacting the victim, and stay at least one hundred yards away from the victim.  While that order was in effect, on five separate days the defendant engaged in at least five discrete acts that the jury could consider as violations of the 209A order, and a combination of these acts could constitute aggravated stalking.  Jurors could rationally acquit the

3

defendant of stalking and still convict him of violating the 209A order. Thus, the judge did not err in providing an instruction on a lesser included offense.

Specific Unanimity. We disagree with the defendant's contention that the absence of a specific unanimity instruction requires a new trial. As previously noted, the 209A order required the defendant to refrain from abuse, to have no contact with the victim, and to stay away from the victim. The evidence at trial included a text message that the defendant sent to the victim on October 20, 2021. In an effort to prove a pattern of conduct for the aggravated stalking charge, the Commonwealth attempted to link the October 20 text message to four prior incidents where the defendant made some form of contact or came within one hundred yards of the victim, on October 11, 14, 15, and 18. For the first time on appeal, the defendant contends that the trial judge should have provided, sua sponte, a specific unanimity instruction that required jurors to agree on one of these incidents for the 209A violation that was common to both counts of the complaint. We discern no "substantial risk of a miscarriage of justice." Freeman, 352 Mass. at 564.

The judge repeatedly instructed jurors on the need for a unanimous verdict: "The presumption of innocence stays with the defendant unless and until the evidence convinces you unanimously as a jury that the defendant is guilty beyond a

4

reasonable doubt. . . . Your verdict, whether it is guilty or not guilty, must be unanimous." At the end of the instructions, when referencing the verdict slips, the judge once again reminded jurors of their obligation to "arrive at a unanimous decision." These repeated instructions, especially when made in reference to the verdict slips, implicitly called for jurors to agree unanimously as to each incident reflected in the verdict. Commonwealth v. Lemar, 22 Mass. App. Ct. 170, 172 (1986).

The absence of an additional, explicit instruction -- requiring unanimity as to at least one of the five incidents -- did not create a substantial risk of a miscarriage of justice. "[W]hen a defendant does not request a specific unanimity instruction nor timely object to its absence, 'no substantial risk of a miscarriage of justice' exists where 'the evidence satisfies each element of the statute and is sufficient to defeat a motion for a required finding of not guilty.'" Commonwealth v. Julien, 59 Mass. App. Ct. 679, 686 (2003), quoting Commonwealth v. Keevan, 400 Mass. 557, 567 (1987). See, e.g., Lemar, 22 Mass. App. Ct. at 173 (no substantial risk of a miscarriage of justice from absence of specific unanimity instruction where indecent assault and battery charge supported by evidence of three incidents).

Here, viewing the evidence in a light most favorable to the Commonwealth, any one of the five incidents in October allowed

5

jurors to find beyond a reasonable doubt that the defendant knowingly violated an existing abuse prevention order under G. L. c. 209A, § 7. Commonwealth v. Latimore, 378 Mass. 671, 676-678 (1979). That order, extended in the defendant's presence and in existence when the incidents occurred, prohibited the defendant from contacting the victim: "YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF, in person, by telephone, in writing, electronically or otherwise, either directly or through someone else, and to stay at least 100 yards from the Plaintiff even if the Plaintiff seems to allow or request contact." Despite this order, the evidence showed that the defendant intentionally positioned his car in view of the victim and "revved" the engine (October 11), argued with the victim on the courthouse steps (October 14), called the victim on a cell phone (October 15), parked behind the victim's car, within 100 feet of where the victim stood, and opened a door of her car (October 18), and texted the victim (October 20). Given that contact is "broadly" interpreted as well as the fact that there are "many ways to achieve a communication," Commonwealth v. Basile, 47 Mass. App. Ct. 918, 919 (1999), jurors could readily find a violation of the 209A order through any of the October incidents. "Accordingly, it does not appear likely that the jury verdict would have been different even if the judge had

given the specific instruction now requested by the defendant." Commonwealth v. Comtois, 399 Mass. 668, 677 (1987).

Duplicative convictions. After trial, the judge vacated the conviction of the second count because he believed that the absence of a specific unanimity instruction created a substantial risk of a miscarriage of justice. We conclude that the conviction of the second count must be reversed, and for a different reason -- the conviction is duplicative of the conviction of the first count. Consequently, the defendant cannot be retried on the second count or any portion thereof.

The complaint identified the date of count one as October 20, 2021, and of count two as "various dates between On" October 20 and 21, 2021. A bill of particulars identified seven additional dates involving incidents related to the stalking count. As set forth in detail above, the evidence at trial included incidents from four of the seven dates noted in the bill of particulars (October 11, 14, 15, and 18) as well as the date identified in the complaint (October 20). Neither the prosecutor's opening statement nor closing argument attempted to link any of the evidence to a particular count of the complaint. At first glance, the bar against duplicative convictions and double jeopardy would not seem to apply because we are dealing with multiple discrete acts, any one of which could theoretically be the basis for a jury verdict.

7

We faced a similar situation in Commonwealth v. Mahoney, 68 Mass. App. Ct. 561 (2007). In that case, a jury convicted the defendant of embezzlement and larceny of $44,000 through a series of thefts over a year and one-half. Id. at 561, 566. The Commonwealth argued that the convictions were not duplicative because the convictions were derived from evidence of separate and discrete acts of thefts, and jurors could have found one of the thefts was a larceny while another was embezzlement. Id. at 566. We noted, "The problem with the Commonwealth's contention is that the thefts in this case were neither charged nor tried in this manner." Id. The Commonwealth did not charge the various thefts as separate crimes, and the judge did not provide a specific unanimity instruction. Id. Despite the various dates of the thefts, the "convictions arose from the same conduct on the part of the defendant." Id. As such, the convictions were duplicative.

We reach a similar result here. In the charging instrument, the Commonwealth never attempted to distinguish the defendant's discrete acts in violation of the 209A order as separate crimes. At trial, the Commonwealth never attempted to link the evidence to a particular count of the complaint. The jury instructions also drew no distinctions and did not require jurors to agree unanimously that any particular act constituted a 209A violation. Given these circumstances, we believe that

8

the defendant's convictions effectively "arose from the same conduct on the part of the defendant" and are duplicative. Mahoney, 68 Mass. App. Ct. at 566.

Resentencing.  In a case such as this where the first count (209A violation) is a lesser included offense of the second count (aggravated stalking), the proper approach would have been to "submit the [two] charges to the jury and, if guilty verdicts were returned on more than one, to dismiss the less serious charge or charges prior to entering a judgment of conviction and sentencing on the most serious crime."  Commonwealth v. Jones, 382 Mass. 387, 394-395 (1981).  That did not happen here; instead, in a postconviction hearing, the trial judge "vacated" the judgment on the second count of the complaint, and he considered, but declined, to impose a different sentence on the conviction of the first count.  In light of the judge's consideration of the sentence following action on the conviction that we now deem duplicative, we are satisfied that a further sentencing hearing is not required in these circumstances.

The judgment on count one of the complaint is affirmed; the judgment on count two of the complaint is reversed, the verdict is set aside, and judgment for the defendant shall enter on that count.

By the Court (Neyman,
  Hershfang & Hodgens, JJ.[1]),

Clerk

Entered:  August 14, 2024.

---

[1] The panelists are listed in order of seniority.